UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-839 |
| | § | |
| ADOLFO SAGRERO | § | |

### ORDER DENYING MOTION TO REDUCE SENTENCE 3582(c)(2)

Pending before the Court is Adolfo Sagrero's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). D.E. 43. He further requests that his motion be considered a writ of *coram nobis* or a writ of *audita querela*, and requests that the Court not construe his motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Sagrero was sentenced to 90 months in the Bureau of Prisons in 2012 based upon his guilty plea to Illegal Reentry. D.E. 14, 15, 16. The PSR computed his base offense for Illegal Reentry and enhanced it by 16 levels due to his prior conviction for drug trafficking. D.E. 19 at ¶¶ 10, 11. Sagrero received credit for acceptance of responsibility for a total offense level of 21. Id. at ¶¶ 15-19.

Sagrero had several previous criminal convictions, including drug trafficking convictions in 2000 and 2002, a 2002 assault conviction, and convictions for Illegal Reentry and Felon in Possession in 2007. Id. at ¶¶ 21-24. At the time of his 2012 arrest Sagrero was still on supervised release from his 2007 convictions. Id. at ¶¶ 25-26. His total criminal history points totaled 13, including two points for violating his supervised release; his criminal history category was VI.

Id. at 27. At sentencing, Sagrero did not object to the PSR[1] and advised the Court there were no errors in the PSR. D.E. 38 at 12.[2]

After considering the PSR, the guideline range, and the recommendations and arguments of counsel, the Court imposed a sentence of 90 months, three years supervised release, downwardly departed to a zero fine, and granted the government's motion to remit the special assessment. D.E. 38, p. 16. Sagrero appealed his sentence. The Fifth Circuit Court of Appeals dismissed his appeal as frivolous on October 29, 2013.

Sagrero's present motion claims that his counsel was ineffective because he failed to challenge the points added to his criminal history for his misdemeanor conviction which he claims should not have been counted in his criminal history. He claims that this alleged error in his PSR constitutes plain error.

Sagrero seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c), but does not state how his complaint fits within the parameters of the statute.

---

[1]     11 MR. MONTELONGO: I do, your Honor. As the Court will
        12 recall, I came late into this case. I have reviewed the PSI
        13 with him, he has offered some objections to them. However,
        14 after reviewing the PSI filed with the U.S. Probation
        15 Department, I have explained to him that the report is correct
        16 and he has understood those explanations and we're ready to go
        17 forward.
        18 THE COURT: Thank you. Is that correct, Mr. Sagrero?
        19 THE DEFENDANT: Yes, it's correct.

D.E. 38, p. 10.

[2]     8 THE COURT: Mr. Sagrero, you're really best situated
        9 of anybody here in the 2012 case to tell me if there are any
        10 mistakes in this Presentence Investigation Report and now is
        11 the time to tell me. Any mistakes?
        12 THE DEFENDANT: No, your Honor. Everything is
        13 correct.

Id. at 12.

A federal court generally "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, 560 U.S. 817, 130 S. Ct. 2683, 2687 (2010); see also Freeman v. United States, — U.S. ----, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications). This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Ross, 557 F.3d 237, 238 (5th Cir. 2009); United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) upon a motion for reduction by the Director of the Bureau of Prisons, after review of the relevant statutory factors, if there are "extraordinary and compelling factors" warranting such a reduction; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. Ross, 557 F.3d at 238; 18 U.S.C. § 3582(c).

Sagrero's complaint does not fit within the grounds for relief authorized by § 3582(c). Because Sagrero is still in custody, he does not qualify for relief pursuant to writ of *coram nobis* Chaidez v. United States, — U.S. ----, 133 S.Ct. 1103, 1106 (2013) ("A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . .who is no longer 'in custody'"). Nor does he qualify for writ of *audita querela*. United States v. Banda, 1 F.3d 354, (1993) ("The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment."). The relief Sagrero seeks is available, if at all, through a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

## CONCLUSION

The Court DENIES Sagrero's motion (D.E. 43) to reduce sentence without prejudice to his later fling of a § 2255 motion. The Clerk is instructed to send Sagrero the form for a 28 U.S.C. § 2255 motion.

SIGNED and ORDERED this 22nd day of November, 2013.

_____
Janis Graham Jack
Senior United States District Judge